| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|   | BRUCE A. ERICSON #76342 |
| 2 | ALICE KWONG MA HAYASHI #178522 |
|   | 50 Fremont Street |
| 3 | Post Office Box 7880 |
|   | San Francisco, CA  94120-7880 |
| 4 | Telephone:  (415) 983-1000 |
|   | Facsimile:  (415) 983-1200 |
| 5 | bruce.ericson@pillsburylaw.com |
|   | alice.hayashi@pillsburylaw.com |
| 6 | |
|   | Attorneys for Specially Appearing Defendants |
| 7 | CAMBRIDGE DISPLAY TECHNOLOGY LIMITED |
|   | and CDT OXFORD LIMITED |
| 8 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 13 | SUNNYSIDE DEVELOPMENT COMPANY LLC, | No. C-05-553-MHP |
| 14 | | No. C-08-1780-MEJ |
| 15 | Plaintiff, | **RESPONSE OF SPECIALLY APPEARING DEFENDANTS CAMBRIDGE DISPLAY TECHNOLOGY LIMITED AND CDT OXFORD LIMITED TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF** |
| 16 | vs. | |
| 17 | OPSYS LIMITED, a United Kingdom company, | |
| 18 | Defendant. | |
| 19 | | No. C-05-553-MHP: |
| 20 | SUNNYSIDE DEVELOPMENT COMPANY LLC, | Courtroom 15, 18th Floor |
|    | | Hon. Marilyn Hall Patel |
| 21 | Plaintiff, | No. C-08-1780-MEJ: |
| 22 | vs. | Courtroom B, 15th Floor |
|    | | Hon. Maria-Elena James |
| 23 | CAMBRIDGE DISPLAY TECHNOLOGY LIMITED, CDT OXFORD LIMITED, OPSYS LIMITED, and JOHN DOES I through V, | |
| 24 | | |
| 25 | | |
| 26 | Defendants. | |

500234157v1

CDT LTD. & CDT OXFORD'S RESPONSE TO PL.'S
ADMIN. MOTION & NOTICE OF OTHER ACTION
Nos. C-05-553-MHP and C-08-1780 MEJ

I.  **INTRODUCTION.**

Pursuant to Civil Local Rules 3-12, 3-13 and 7-11, specially appearing defendants **CAMBRIDGE DISPLAY TECHNOLOGY LIMITED** ("CDT Ltd.") and **CDT OXFORD LIMITED** ("CDT Oxford"; collectively, "Defendants") submit this response to the Administrative Motion to Consider Whether Cases Should Be Related, Pursuant to Civil L.R. 7-11; [and] Notice of Pendency of Other Action, Pursuant to [Civil] L.R. 3-13 & 7-11, which plaintiff Sunnyside Development Company LLC ("Sunnyside") filed as Dkt. 4 on May 19, 2008 in Action No. C-08-1780-MEJ.  The two cases in question are:

1. *Sunnyside Development Company, LLC, v. Opsys Limited,* No. C-05-00553-MHP ("*Sunnyside I*"), *appeal pending,* No. 07-16773 (9th Cir.) ("*Sunnyside I*"); and

2. *Sunnyside Development Company, LLC, v. Cambridge Display Technology Limited, et al.,* No. C-08-01780-MEJ ("*Sunnyside II*").

(Defendants note that Sunnyside filed this motion in *Sunnyside II* rather than in *Sunnyside I*, contrary to Civil L.R. 3-12(b), which states that such motions should be filed "in the earliest-filed case . . . ."  Defendants therefore are filing this response in both cases.)

Defendants make this appearance specially, without waiving any applicable defenses, including the defenses of lack of personal jurisdiction and improper venue.  At least CDT Oxford (which is a United Kingdom corporation headquartered in the United Kingdom and has had no contact with the United States) plans to raise these defenses in a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure at the appropriate time.  At that time, Defendants also may ask that the Court stay *Sunnyside II* pending the resolution of the appeal in *Sunnyside I*, which is fully briefed and awaiting oral argument in the Ninth Circuit.  Defendants also note the pendency of a related Second Circuit appeal, which is described in part II below.

II. **BRIEF STATEMENT OF THE RELATIONSHIP OF THE ACTIONS ACCORDING TO THE CRITERIA SET FORTH IN CIVIL L.R. 3-12(a).**

Defendants submit that *Sunnyside II* is related to *Sunnyside I* within the meaning of Civil L.R. 3-12(a), and that *Sunnyside II* should therefore be reassigned to the Honorable

Marilyn Hall Patel, who presided over *Sunnyside I.*

A. **Procedural history of *Sunnyside I* and related cases.**

In *Sunnyside I,* Sunnyside sued CDT Ltd. and Opsys Limited ("Opsys") for breach of lease and fraud. *Sunnyside I* Dkt. 1. (Opsys is also named as a defendant in *Sunnyside II*, although this response is made on behalf of only CDT Ltd. and CDT Oxford.) The Court dismissed **with prejudice** both claims against CDT Ltd. and the fraud claim against Opsys. *Sunnyside I* Dkt. 39 (order filed Aug. 8, 2005), reported as *Sunnyside Dev. Co., LLC v. Opsys Limited,* No. C-05-553-MHP, 2005 WL 1876106 (N.D. Cal. Aug. 8, 2005). (Sunnyside did not appeal that ruling and the time to appeal has long since run.) Sunnyside then moved to file a second amended complaint, seeking to name Opsys' and CDT Ltd.'s ultimate parent company, Cambridge Display Technology, Inc. ("CDT Inc."), as an additional defendant on a successor liability theory. *Sunnyside I* Dkt. 48. The Court ruled that Sunnyside's request to join CDT Inc. was premature and denied the request without prejudice, subject to renewal if and when Opsys' primary liability was established. *Sunnyside I* Dkt. 57.

Thereafter, Sunnyside took extensive discovery about transactions involving CDT Inc., CDT Ltd., CDT Oxford and Opsys. Sunnyside eventually obtained a jury verdict against Opsys for breach of lease. *Sunnyside I* Dkt. 166. Sunnyside then moved under Federal Rules of Civil Procedure 25(c) and 69(a) to add CDT Inc. as a party to the action and to the judgment ("Rule 25(c) Motion"). *Sunnyside I* Dkt. 179. While the Rule 25(c) Motion was pending, the Court entered judgment against Opsys for $4.9 million plus costs. *Sunnyside I* Dkt. 213. On August 29, 2007, the Court denied Sunnyside's Rule 25(c) Motion. *Sunnyside I* Dkt. 224, reported as *Sunnyside Dev. Co., LLC v. Opsys Limited,* No. C-05-553-MHP, 2007 WL 2462142 (N.D. Cal. Aug. 29, 2007). Sunnyside filed a notice of appeal from this order, which is currently pending, fully briefed and awaiting oral argument. *Sunnyside Dev. Co., LLC, v. Opsys Ltd.,* No. 07-16773 (9th Cir.).

In addition to *Sunnyside I*, Sunnyside filed two actions in New York in September and October 2007. It voluntarily dismissed one such action: *Sunnyside Dev. Co., LLC, v.*

1  *Opsys Ltd., Cambridge Display Tech. Ltd., CDT Oxford Ltd., Sumitomo Chem. Co., Ltd.,*
2  *Opsys Mgmt. Ltd., & Bank of New York,* No. 112617/07 (N.Y. Sup. Ct., N.Y. County), *after*
3  *removal*, Index No. 07-CV-09320 (S.D.N.Y.).  It lost the other action (*Sunnyside Dev. Co.,*
4  *LLC, v. Bank of New York, Cambridge Display Technology, Inc., and Opsys Mgmt. Ltd.,*
5  No. 07 Civ. 8825 (LLS), 2008 WL 463722 (S.D.N.Y. Feb. 19, 2008)), and has appealed
6  (*Sunnyside Dev. Co., LLC, v. Bank of New York,* No. 08-1274-cv (2d Cir.)).
7  Sunnyside also has initiated insolvency proceedings against Opsys in the United
8  Kingdom under the UK Insolvency Act 1986.  *In the Matter of Opsys Ltd.,* No. 357 of 2008
9  (High Court of Justice, Companies Court).  I am informed that a "winding-up order" in that
10 matter was made on May 20, 2008.
11 All of these actions attempt to collect the judgment in *Sunnyside I*.
12 B.    **Analysis of the criteria set forth in Civil L.R. 3-12(a).**
13 Civil Local Rule 3-12(a) sets forth these criteria:
14         (a) Definition of Related Cases. An action is related to another when:
15             (1) The actions concern substantially the same parties,
                property, transaction or event; and
16
17             (2) It appears likely that there will be an unduly burdensome
                duplication of labor and expense or conflicting results if the cases are
18             conducted before different Judges.
19 Applying these criteria to the facts and procedural history stated above, it is
20 apparent that *Sunnyside II* is related to *Sunnyside I* for a number of reasons:
21 First, the two actions concern substantially the same parties.  The plaintiff is the
22 same—Sunnyside.  Two of the three defendants named in *Sunnyside II*—CDT Ltd. and
23 Opsys—were named as defendants in *Sunnyside I*.  Only CDT Oxford was not a party to
24 *Sunnyside I*.  Even so, Judge Patel's opinions in *Sunnyside I* discuss CDT Oxford at some
25 length.  *See, e.g., Sunnyside Dev. Co., LLC v. Opsys Limited,* No. C-05-553-MHP, 2007
26 WL 2462142, at *3, *4, *7, *8, *9, *10, *11 (N.D. Cal. Aug. 29, 2007), which contains no
27 less than 18 references to CDT Oxford and holds that the transfer of CDT Oxford from
28 Opsys to CDT Ltd. does "not support a finding of fraudulent transfer."  *Id.* at *11.

1         Second, *Sunnyside II* concerns substantially the same transactions and events at

2 issue in Sunnyside's Rule 25(c) Motion in *Sunnyside I*. *See* Civil L.R. 3-12(a)(1). The

3 transfers that *Sunnyside II* alleges to be fraudulent are the same transfers that Sunnyside

4 relied upon in arguing, in its Rule 25(c) Motion in *Sunnyside I*, that CDT Inc. was liable as

5 a successor for the judgment against Opsys. As noted, Judge Patel rejected these

6 arguments, holding that Sunnyside had made no showing of any fraudulent transfer.

7         Third, *Sunnyside II* alleges claims against CDT Ltd. that would appear to be barred

8 (on *res judicata* or claim preclusion grounds) by Judge Patel's order of August 8, 2005 in

9 *Sunnyside I*. *Sunnyside Dev. Co., LLC v. Opsys Limited,* No. C-05-553-MHP, 2005 WL

10 1876106 (N.D. Cal. Aug. 8, 2005).

11         Fourth, and as stated by Sunnyside itself, *Sunnyside II* "arises out of efforts to

12 collect the…judgment" in *Sunnyside I*. Pl.'s Admin. Mot. 2:15-16 (Dkt. 4).

13         Thus, it "appears likely that there will be an unduly burdensome duplication of labor

14 and expense" if *Sunnyside II* is not conducted before the same judge who presided over

15 *Sunnyside I*. *See* Civil L.R. 3-12(a)(2). Indeed, that is an understatement. unduly

16 burdensome duplication of labor and expense would be a certainty.

17    III.    **CONCLUSION.**

18         For all the foregoing reasons, Defendants respectfully request that the Court

19 reassign *Sunnyside II* to the Honorable Marilyn Hall Patel.

20         Dated: May 22, 2008.

21                                         PILLSBURY WINTHROP SHAW PITTMAN LLP
                                        BRUCE A. ERICSON
22                                         ALICE KWONG MA HAYASHI
                                        50 Fremont Street
23                                         Post Office Box 7880
                                        San Francisco, CA 94120-7880

24

25                                         By        /s/ Bruce A. Ericson
                                                         Bruce A. Ericson
26                                         Attorneys for Specially Appearing Defendants
                                        CAMBRIDGE DISPLAY TECHNOLOGY
27                                         LIMITED and CDT OXFORD LIMITED

28