MICHAEL HINCKLEY #161645
STIGLICH & HINCKLEY, LLP
The CCDS Building
502 Seventh Street
San Francisco, CA 94103
Telephone: (415) 865-2539
Facsimile: (415) 865-2538
hinckley@stiglichhinckley.com

Attorneys for Plaintiff
SUNNYSIDE DEVELOPMENT COMPANY LLC

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
ALICE KWONG MA HAYASHI #178522
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
bruce.ericson@pillsburylaw.com
alice.hayashi@pillsburylaw.com

Attorneys for Defendants
CAMBRIDGE DISPLAY TECHNOLOGY LIMITED
and CDT OXFORD LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUNNYSIDE DEVELOPMENT COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CAMBRIDGE DISPLAY TECHNOLOGY LIMITED, CDT OXFORD LIMITED, OPSYS LIMITED, and JOHN DOES I through V,<br><br>Defendants. | No. C-08-1780-MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Courtroom 15, 18th Floor<br>Hon. Marilyn Hall Patel<br><br>Date: July 21, 2008<br>Time: 4 p.m. |

Pursuant to this Court's Standing Order For All Judges Of The Northern District Of California, Plaintiff Sunnyside Development Company LLC ("Sunnyside") and defendants Cambridge Display Technology Limited ("CDT Ltd.") and CDT Oxford Limited ("CDT Oxford") hereby submit the following Joint Case Management Statement. Defendant Opsys Limited ("Opsys") has not yet appeared, and therefore is not a party to this Joint Case Management Statement.

1. **Jurisdiction and Service**: *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

**Plaintiff's statement:** Sunnyside filed its Complaint against defendants CDT Ltd., CDT Oxford, and Opsys Limited on April 3, 2008. Dkt. 1. Sunnyside served CDT Ltd. in California on May 22, 2008. CDT Oxford waived service of summons on May 27, 2008. Dkt. 8. Opsys Limited is insolvent, and on May 14, 2008 a "winding-up order" was entered by the UK High Court in the action entitled *In the Matter of Opsys Ltd.,* No. 357 of 2008 (High Court of Justice, Companies Court). Because Sunnyside already holds a judgment against Opsys Limited in the amount of the relief it seeks here, Opsys is named only as a nominal party to this proceeding. No additional proceedings are contemplated against Opsys Limited, and Sunnyside currently is in discussions with Opsys Limited's Official Receiver to stay Opsys' need to participate in the action.

**Statement of CDT Limited and CDT Oxford:** CDT Limited does not contest subject matter jurisdiction except with respect to the claim under the UK Insolvency Act 1986, which gives exclusive jurisdiction over certain matters to the High Court of England and Wales. CDT Oxford intends to contest personal jurisdiction over it; it is a UK corporation headquartered in the UK. CDT Limited, having appeared in the previous action, *Sunnyside Development Company LLC v. Opsys Limited*, No. C-05-00553 (MHP) (N.D. Cal.) ("*Sunnyside I*"), does not intend to contest personal jurisdiction over it.

Counsel for CDT Limited and CDT Oxford will not appear for Opsys and do not know what position, if any, Opsys will take in the action. Counsel is informed and believes that Sunnyside has initiated insolvency proceedings against Opsys in the United Kingdom under the UK Insolvency Act 1986. *In the Matter of Opsys Ltd.,* No. 357 of 2008 (High Court of Justice, Companies Court). We are further informed that a "winding-up order" in that matter was made on or about May 14, 2008 and that an "Official Receiver" for Opsys has been appointed.

2. **Facts**: *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**(a) Brief chronology of facts**

**Plaintiff's Statement:** Plaintiff and Opsys entered into a lease obligation in 2001, at which time Sunnyside became a creditor of Opsys Limited. In January 2005 Plaintiff commenced an action against Opsys and CDT Limited, entitled *Sunnyside Development Company LLC v. Opsys Limited and Cambridge Display Technology Limited*, No. 05-CV-00553 (MHP) (N.D. Cal.), seeking damages from both for Opsys' breach of the lease obligation.

During the course of those proceedings, in about 2005, Opsys transferred to CDT Ltd. its 84% stake in CDT Oxford and received no value in the transfer. At the time CDT Ltd. placed a value of $19.7 million on CDT Oxford. On May 29, 2007 the United States District Court for the Northern District of California entered a judgment against Opsys in the amount of $4,853,017. During the course of post-judgment proceedings, Sunnyside sought to impose successor liability against Cambridge Display Technology, Inc. ("CDT, **Inc.**"), a parent of defendants CDT, Ltd. and CDT Oxford, based upon on Opsys' transfers of assets to CDT, **Inc**. Opsys has not previously sought any relief against either CDT**, Ltd.** or CDT Oxford based upon transfers of assets to either.

The judgment remains unpaid. Following the post-judgment proceedings against CDT, Inc. in *Sunnyside I,* Sunnyside sought to obtain relief by seeking payment from an

escrow account that had been established in 2004. CDT, **Inc.** objected to Sunnyside's claim, and the New York Court determined that Opsys and its creditors had no rights in the escrow account. The New York Court found that CDT, Inc.'s prior statements to this Court during the post-judgment proceedings about Opsys' and creditors' interest in the escrow account were found to be "extravagant mischaracterizations." See item #10, below.

**Statement of CDT Limited and CDT Oxford:**

*Transfer of CDT Oxford equity in 2005:* The transfer by Opsys to CDT Ltd. of its 84% stake in CDT Oxford occurred at a time when CDT Ltd. was a co-defendant with Opsys in *Sunnyside I*. This Court, in *Sunnyside I*, considered but rejected the theory that this transfer could have been fraudulent. See *Sunnyside Dev. Co., LLC v. Opsys Limited*, No. C-05-553-MHP, 2007 WL 2462142, *11 (N.D. Cal. Aug. 29, 2007) ("An asset transfer between defendants is hardly an attempt to thwart a plaintiff's ability to collect. These facts do not support a finding of fraudulent transfer."), *appeal pending*, No. 07-16773 (9th Cir.).

Sunnyside's argument that Opsys got "no value" for equity in CDT Oxford worth $19.7 million ignores the facts found by the Court. As this Court held in *Sunnyside I*, since October 2002, and pursuant to the October 23, 2002 Transaction Agreement, CDT Ltd. had exercised management control of CDT Oxford in return for a fee of 98% of its profits. *Sunnyside Dev. Co., LLC v. Opsys Limited*, No. C-05-553-MHP, 2007 WL 2462142, *2 (N.D. Cal. Aug. 29, 2007), *appeal pending*, No. 07-16773 (9th Cir.). In addition, Opsys received other consideration (*id.* at *3) and CDT Inc. was providing 100% of the funding required by CDT Oxford (*see id.* at *11). The Court in *Sunnyside I* properly rejected Sunnyside's argument that this 2005 equity transfer was fraudulent. *Id.* Plaintiff's appeal from that ruling is currently before the Ninth Circuit and cannot properly be raised here.

*Alleged "extravagant mischaracterization":* Sunnyside takes issue with how CDT Inc. described the disposition of this stock in *Sunnyside I*. CDT Inc. stated, in its opposition to the Rule 25(c) Motion in *Sunnyside I*: "the proceeds of the transactions were held in escrow and trust for the benefit of creditors, known and unknown." *Sunnyside I*, Dkt. 207,

at 2:1-2. In its ruling dismissing a turnover petition filed by Sunnyside to seize the funds held in escrow, the United States District Court for the Southern District of New York stated that, as regards the escrow account, this statement and others to similar effect were an "extravagant mischaracterization." *Sunnyside Dev. Co., LLC, v. Bank of New York,* No. 07 Civ. 8825 (LLS), 2008 WL 463722, at *3 (S.D.N.Y. Feb. 19, 2008), *appeal pending,* No. 08-1274-cv (2d Cir.). This conclusion flowed from the New York court's holding that neither Opsys nor any creditor of Opsys had any interest in or right to the escrow account. *Id.* at *1-*2. It also assumes that the statement referred only to the escrow and not to the stock held for creditors or the stock transferred to Opsys Management for the benefit of a trade creditor and debt holders. But CDT Inc.'s statement covered all three buckets. The New York court had no problem with the statement viewed in this light. Thus, the New York court said, "Such a statement [by CDT Inc.] may be a generally fair, even if rough, description of the $1,607,256 worth of shares set aside to cover the list of known and identified Opsys liabilities. That is not a matter before this Court." *Id.* at *3. In any event, this issue (if an issue at all) is before the Second and Ninth Circuits, and has no relevance to this case, *Sunnyside II.*

(b) **Factual issues in dispute**

**Plaintiff's Statement:** Defendants may dispute the value of the asset transferred, and whether Opsys made the transfer of its interest in CDT Oxford with an intention to delay, hinder or defraud its creditors.

**Statement of CDT Limited and CDT Oxford:** CDT Ltd. and CDT Oxford anticipate at least the following factual disputes:

- whether Opsys became insolvent as a result of each of the transfers at issue (*see* Cal. Civ. Code § 3439.05);
- when Sunnyside knew or reasonably should have known of the transfers at issue;
- whether the transfers at issue were "entered into…for the purpose (a) of putting assets beyond the reach of [Sunnyside], or (b) of otherwise prejudicing the interest of

[Sunnyside] in relation to the claim which [Sunnyside] is making or may make" (*see* section 423(3) of the UK Insolvency Act 1986);

- whether "the company which entered into the transaction[s] [at issue] did so in good faith and for the purpose of carrying on its business" (*see* section 238(5) of the UK Insolvency Act 1986);
- whether, at the time of the transfers at issue, "there were reasonable grounds for believing that the transaction would benefit the company" (*see* section 238(5) of the UK Insolvency Act 1986);
- whether CDT Ltd. or CDT Oxford concealed the transfers at issue;
- if CDT Ltd. or CDT Oxford concealed the transfers at issue, whether they did so willfully with the intent to induce Sunnyside to alter its position to its injury or risk (*see* Cal. Civ. Code § 1709); and
- if CDT Ltd. or CDT Oxford concealed the transfers at issue, whether they gave "information of other facts which [were] likely to mislead for want of communication of [the fact of the transfers at issue]" (*see* Cal. Civ. Code § 1710).

3. **Legal Issues**: *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Plaintiff's Statement:** Plaintiff's claims are brought under California's Uniform Fraudulent Conveyance Act, California Civil Code § 3439 and the United Kingdom's Insolvency Act of 1986. Those acts declare that a judgment creditor may recover for its benefits any transfers made by the judgment debtor made (1) with an actual intent to hinder, delay or defraud its creditors, or (2) where the judgment debtor received less than equivalent consideration for the transfer, and the transfer was made at the time that the judgment debtor was insolvent, or rendered insolvent by the transfer.

**Statement of CDT Limited and CDT Oxford:** In addition to the disputed listed by Sunnyside, these defendants also anticipate disputes over:

- whether this action should be stayed pending the Ninth Circuit's decision in *Sunnyside I* (the appeal in *Sunnyside I* has been fully briefed and is awaiting argument);
- choice of law (California law versus UK law—these defendants are UK entities and many of the underlying contracts specify UK law and UK courts);
- the claim preclusive and issue preclusive effect of this Court's rulings in *Sunnyside I*;
- whether certain claims are barred by the statute of limitations;
- whether Sunnyside is a proper claimant under section 238 of the UK Insolvency Act 1986, which provides for applications by administrators or liquidators;
- whether Sunnyside has adequately stated a claim for fraud;
- whether Sunnyside has stated its fraud claim with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure;
- whether CDT Ltd. or CDT Oxford were "bound to disclose" the transfers at issue (*see* Cal. Civ. Code § 1710);
- whether Sunnyside is entitled to punitive damages (*see* Cal. Civ. Code § 3294);
- whether Sunnyside is entitled to pre-judgment interest; and
- whether Sunnyside is entitled to attorneys' fees.

4. **Motions**: *All prior and pending motions, their current status, and any anticipated motions.*

There are no pending or prior motions.

**Statement of CDT Limited and CDT Oxford:** These defendants anticipate filing motions to dismiss under Rule 12(b)(6) (and in the case of CDT Oxford under Rule 12(b)(2)) on July 28, 2007. They also anticipate moving at that time to stay this action pending resolution by the Ninth Circuit of Sunnyside's appeal in *Sunnyside I*. Depending on the Court's resolution of those motions, they may or may not wish to make later motions (such as motions raising the choice of law issues, and summary judgment motions).

5. **Amendment of Pleadings**: *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

**Plaintiff's Statement:** Plaintiff does not anticipate any amendment to the pleadings.

**Statement of CDT Limited and CDT Oxford:** These defendants' responsive pleadings are due on July 28, 2008. As noted in their answer to question 4, they anticipate filing motions to dismiss under Rule 12(b)(6) (and in the case of CDT Oxford under Rule 12(b)(2)).

6. **Evidence Preservation**: *Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

Plaintiff has been directed to preserve the evidence of its claim against Opsys, and its attempts to secure satisfaction of the judgment.

Defendants have been directed to preserve evidence relating to the transactions placed at issue by the Complaint herein.

7. **Disclosures**: *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

Pursuant to the parties' Stipulation to Extend Time for Initial Disclosures, filed June 27, 2008 (Dkt. 13), CDT Ltd. will make its initial disclosures by July 14, 2008. Pursuant to Rule 26(a)(1)(C), CDT Oxford objects that initial disclosures on the merits are not appropriate at this time because it intends to move to dismiss for lack of personal jurisdiction under Rule 12 (b)(2) (as discussed in response to question 4 above).

8. **Discovery**: *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

**Plaintiff's Statement:** Plaintiff has not taken any discovery to date concerning the transactions at issue in this action, and disputes Defendants' contention that it "took considerable discovery in *Sunnyside I* concerning the transactions at issue in this action."

As these transfers were to CDT, **Ltd.**, and not CDT, **Inc.**, and therefore were never at issue during in the successor liability relief Sunnyside had sought against CDT, **Inc.** based upon transfers to CDT, **Inc**. Sunnyside will require discovery from the parties, principally CDT Ltd., as well as discovery concerning the value of the assets transferred to CDT Ltd. This evidence will come from CDT Ltd., but may also involve non-parties including CDT Ltd.'s New York-based accounting firm (Ernst & Young), its New York attorneys (Debevoise & Plimpton) and financial advisors (SG Cowen & Co.), its joint venture entity Sumation, and its joint venture partner, Sumitomo Chemical Co. Ltd. Plaintiff suggests that the parties conduct discovery on the action, including discovery from non-parties, to be completed on or before December 1, 2008. Without leave of Court, each party may conduct up to 10 depositions of party and non-parties.

**Statement of CDT Limited and CDT Oxford:** As further described in their answer to question 17 below, these defendants think the discovery cutoff proposed by Plaintiff is far too early given the volume of discovery that Plaintiff contemplates. These defendants also disagree with Plaintiff's statement (above) that "Plaintiff has not taken any discovery to date concerning the transactions at issue in this action." As the Court knows, Plaintiff (via both sets of its prior counsel) took considerable discovery in *Sunnyside I* concerning the transactions at issue in this action. The distinction that Plaintiff now attempts to draw (between transfers to CDT **Limited** and transfers to CDT **Inc.**) is untenable. In *Sunnyside I*, Plaintiff had discovery of the transactions at issue, and then it litigated (and lost) its contention that the May 2005 transfer to CDT **Limited** was fraudulent. *Sunnyside Dev. Co., LLC v. Opsys Limited,* No. C-05-553-MHP, 2007 WL 2462142, *11 (N.D. Cal. Aug. 29, 2007), *appeal pending,* No. 07-16773 (9th Cir.).

Plaintiff has (via one of the New York actions, *see* answer to question 10 below) has instituted document discovery directed at third parties in New York. Plaintiff has said it will seek to depose witnesses from CDT Inc's accounting firm (such a witness will be in the UK, not New York) and also will seek as many as five other depositions in the UK (of CDT

and Opsys personnel) and possibly several witnesses in Japan (of Sumitomo and Sumation personnel). (By noting Plaintiff's desires, these defendants are not conceding that such discovery is necessary or proper.)

For their own part, these defendants anticipate taking one to three depositions of Sunnyside's principals, who we assume will be in the Bay Area. The pleadings will not be settled until September, at the earliest. Cramming all of Plaintiff's discovery plus the discovery that these defendants contemplate into three months is not realistic.

9. **Class Actions**: *If a class action, a proposal for how and when the class will be certified.*

Not applicable.

10. **Related Cases**: *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

There is one action pending that involves common parties Sunnyside and Opsys Limited. Plaintiff obtained the judgment against Opsys Limited in the action entitled *Sunnyside I*, the appeal of which is pending before the Ninth Circuit Court of Appeals. *Sunnyside Development Company LLC v. Opsys Limited*, Appeal No. 07-16773 (9th Cir. Ct. Appeals). Sunnyside also named CDT Limited as a defendant in its original and first amended complaints in *Sunnyside I,* and alleged that CDT Limited was Opsys' "owner." The action asserted that "CDT Limited" was liable on the lease because it was the *alter ego* of Opsys, and because both CDT Limited and Opsys engaged in promissory fraud. That claim was dismissed on August 8, 2005.

In addition to *Sunnyside I*, Sunnyside filed two actions in New York in September and October 2007. It voluntarily dismissed one such action: *Sunnyside Dev. Co., LLC, v. Opsys Ltd., Cambridge Display Tech. Ltd., CDT Oxford Ltd., Sumitomo Chem. Co., Ltd., Opsys Mgmt. Ltd., & Bank of New York,* No. 112617/07 (N.Y. Sup. Ct., N.Y. County), *after removal*, Index No. 07-CV-09320 (S.D.N.Y.). It lost the other action (*Sunnyside Dev. Co., LLC, v. Bank of New York, Cambridge Display Technology, Inc., and Opsys Mgmt. Ltd.,*

No. 07 Civ. 8825 (LLS), 2008 WL 463722 (S.D.N.Y. Feb. 19, 2008)), and has appealed (*Sunnyside Dev. Co., LLC, v. Bank of New York,* No. 08-1274-cv (2d Cir.)).

11. **Relief**:

**Plaintiff's Statement:** Plaintiff holds a judgment against Opsys Limited in the amount of $4,853,017, entered on May 29, 2007. Plaintiff seeks the remedy set forth in the California Civil Code: "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim." Here, that involves the return from CDT Ltd. of certain assets (specifically the 840 shares of CDT Oxford stock held by it) sufficient to satisfy this judgment. If necessary, Plaintiff also seeks to invalidate any provisions of the management agreement that transferred to CDT, Ltd. a right to 98% of CDT Oxford Limited's profits.

**Statement of CDT Limited and CDT Oxford:** CDT Ltd. and CDT Oxford deny that Sunnyside is entitled to any relief whatsoever, including any assets held by CDT Ltd. or any stock of Cambridge Display Technology, Inc. ("CDT Inc."). (See answer to question 19 below for a description of the relationship between defendants and CDT Inc.) The management agreement that Sunnyside seeks to invalidate has been in effect since 2002. Any attempt to invalidate this agreement is barred by the statute of limitations and by laches.

12. **Settlement and ADR**:

The parties have stipulated to Court-sponsored mediation to be completed by October 31, 2008. Dkt. 15. The Court entered its order referring this case to mediation on July 3, 2008. Dkt. 16. In addition, Plaintiff has had settlement discussions with CDT Inc. during the course of the New York action now on appeal in the Second Circuit. *See* question 10 (Related Cases) above.

13. **Consent to Magistrate Judge For All Purposes**:

At present the parties do not consent to proceed before a magistrate judge.

14. **Other References**: *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not consent to reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**: *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

No suggestions at this time.

16. **Expedited Schedule**:

The case is a complex action that does not make it suitable to be handled on an expedited basis with streamlined procedures.

17. **Scheduling**: The parties propose the following dates for the scheduling of this action.

| **Deadline/Event** | **Plaintiff's Proposal** | **CDT Defendants' Proposal (if case is not stayed pending appeal in *Sunnyside I*)** |
|---|---|---|
| Designation of Experts | 10/31/08 | 5/5/09. Written reports (covering the items set forth in Fed. R. Civ. P. 26(a)(2)(B)) regarding the testimony of expert witnesses, including a list of any exhibits intended to be used in connection with the direct examination of such experts, should be served 35 days after the fact discovery cutoff. If the cutoff is 3/31/09 (see below), that would be 5/5/09. |
| Fact Discovery Cutoff | 12/1/08 | 3/31/09 (which gives six months for discovery after the pleadings are likely to be settled). |
| Designation of Rebuttal Experts (Fed. R. Civ. P. 26(a)(2)(C)(ii)) | -- | 6/4/09. Written reports (covering the items set forth in Fed. R. Civ. P. 26(a)(2)(B)) regarding the testimony of expert witnesses offered solely to contradict or rebut evidence on the same subject matter by an expert identified by another party, within the meaning of Fed. R. Civ. P. 26(a)(2)(C)(ii) ("rebuttal experts"), including a list of any exhibits intended to be used in connection with the direct examination of such experts, should be served by 6/4/09, which is 30 days after the initial expert reports are due. |
| Completion of Expert Depositions | -- | 6/30/09. |

| Deadline/Event | Plaintiff's Proposal | CDT Defendants' Proposal (if case is not stayed pending appeal in *Sunnyside I*) |
|---|---|---|
| Hearing of Dispositive Motions | 1/19/09 | 9/28/09. This assumes dispositive motions are filed by the end of July, and bears in mind the Labor Day holiday. |
| Pretrial conference | 1/31/09 | 10/26/09 (unless the Court wishes more time between the dispositive motion hearing and the pretrial conference). |
| Trial | Any time after 1/31/09 | At least several weeks after the pretrial conference. |

18. **Trial**: *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

**Plaintiff's Statement:** Plaintiff has requested a jury trial, and anticipates that the trial of the action will involve approximately one week.

**Statement of CDT Limited and CDT Oxford:** The CDT Defendants suspect that trial will take more than a week if Sunnyside calls anywhere near the number of witnesses it plans to depose, plus experts.

19. **Disclosure of Non-party Interested Entities or Persons**:

**Plaintiff's Statement:** Sunnyside is a limited liability company that has no publicly traded parents or affiliates.

**Statement of CDT Limited and CDT Oxford:** CDT Ltd. and CDT Oxford will file their Certification of Interested Entities or Persons herewith. The following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- CDT Holdings Limited (CDT Ltd.'s direct parent corporation and CDT Oxford's indirect parent corporation).

- Cambridge Display Technology, Inc. (CDT Holdings Limited's direct parent corporation).
- Sumitomo Chemical Co., Ltd. (CDT Inc.'s direct parent corporation).

Dated July 11, 2008.

MICHAEL HINCKLEY
STIGLICH & HINCKLEY, LLP
The CCDS Building
502 Seventh Street
San Francisco, CA 94103

By /s/ Christoph C. Heisenberg
Christoph C. Heisenberg
Attorneys for Plaintiff
SUNNYSIDE DEVELOPMENT COMPANY LLC

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
ALICE KWONG MA HAYASHI
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

By /s/ Bruce A. Ericson
Bruce A. Ericson
Attorneys for Defendants
CAMBRIDGE DISPLAY TECHNOLOGY LIMITED and CDT OXFORD LIMITED

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, Bruce A. Ericson, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from Christoph C. Heisenberg, counsel for Plaintiff.

I declare under penalty of perjury that the foregoing declaration is true and correct. Executed on July 11, 2008, at San Francisco, California.

*/s/ Bruce A. Ericson*