PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
ALICE KWONG MA HAYASHI #178522
ELIANA P. KAIMOWITZ RODRIGUEZ #256712
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
bruce.ericson@pillsburylaw.com
alice.hayashi@pillsburylaw.com
eliana.kaimowitz@pillsburylaw.com

Attorneys for Defendants
CAMBRIDGE DISPLAY TECHNOLOGY LIMITED
and CDT OXFORD LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SUNNYSIDE DEVELOPMENT COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CAMBRIDGE DISPLAY TECHNOLOGY LIMITED, CDT OXFORD LIMITED, OPSYS LIMITED, and JOHN DOES I through V,<br><br>Defendants. | No. C-08-1780-MHP<br><br>**FOREIGN AUTHORITIES SUBMITTED IN SUPPORT OF DEFENDANTS CAMBRIDGE DISPLAY TECHNOLOGY LIMITED'S AND CDT OXFORD LIMITED'S MOTIONS TO DISMISS**<br><br>Date: September 8, 2008<br>Time: 2:00 pm<br>Courtroom 15, 18th Floor<br>Hon. Marilyn Hall Patel |

1    Defendants **CAMBRIDGE DISPLAY TECHNOLOGY LIMITED** ("CDT Ltd.")
2 and **CDT OXFORD LIMITED** ("CDT Oxford") submit the attached foreign authorities in
3 support of CDT Ltd.'s motion to dismiss complaint and CDT Oxford's motion to dismiss
4 for lack of personal jurisdiction, both filed herewith.

5    Dated: July 28, 2008.

6                               PILLSBURY WINTHROP SHAW PITTMAN LLP
                                 BRUCE A. ERICSON
7                               ALICE KWONG MA HAYASHI
                                 ELIANA P. KAIMOWITZ RODRIGUEZ
8                               50 Fremont Street
                                 Post Office Box 7880
9                               San Francisco, CA  94120-7880

10
                                 By _____/s/ Alice Kwong Ma Hayashi_____
11                                      Alice Kwong Ma Hayashi
                                    Attorneys for Defendants
12                                  CAMBRIDGE DISPLAY TECHNOLOGY
                                    LIMITED and CDT OXFORD LIMITED
13

14

15              **DECLARATION OF ALICE K. M. HAYASHI**

16    I, **Alice Kwong Ma Hayashi,** hereby declare that Exhibit A hereto is a true and
17 correct copy of sections 238, 240, and 423 of the United Kingdom's Insolvency Act 1986.
18 I printed the pages comprising Exhibit A on July 28, 2008, from the website of The
19 Insolvency Service, a UK government agency responsible for insolvency matters:
20 www.insolvency.gov.uk/insolvencyprofessionandlegislation/legislation/uk/insolvencyact.pdf
21    I declare under penalty of perjury that the foregoing declaration is true and correct.
22    Executed on July 28, 2008, at San Francisco California.
23
24                                      _____/s/ Alice Kwong Ma Hayashi_____
25
26
27
28

Exhibit A to Foreign Authorities

# Insolvency Act 1986

## 1986 CHAPTER 45

Sweet & Maxwell Ltd.
UK Statutes Crown Copyright. Reproduced by permission of the Controller of Her Majesty's Stationery Office.

An Act to consolidate the enactments relating to company insolvency and winding up (including the winding up of companies that are not insolvent, and of unregistered companies); enactments relating to the insolvency and bankruptcy of individuals; and other enactments bearing on those two subject matters, including the functions and qualification of insolvency practitioners, the public administration of insolvency, the penalisation and redress of malpractice and wrongdoing, and the avoidance of certain transactions at an undervalue

[25th July 1986]

BE IT ENACTED by the Queen's most Excellent Majesty, by and with the advice and consent of the Lords Spiritual and Temporal, and Commons, in this present Parliament assembled, and by the authority of the same, as follows:—

## PART I

## COMPANY VOLUNTARY ARRANGEMENTS

*The proposal*

**1.— Those who may propose an arrangement.**

(1) The directors of a company (other than one which is in administration or being wound up) may make a proposal under this Part to the company and to its creditors for a composition in satisfaction of its debts or a scheme of arrangement of its affair (from here on referred to, in either case, as a "voluntary arrangement").

(2) A proposal under this Part is one which provides for some person ("the nominee") to act in relation to the voluntary arrangement either as trustee or otherwise for the purpose of supervising its implementation; and the nominee must be a person who is qualified to act as an insolvency practitioner or authorised to act as nominee, in relation to the voluntary arrangement.

(3) Such a proposal may also be made—
    (a) where the company is in administration, by the administrator,
    (b) wh ere the company is being wound up, by the liquidator.

[ (4) In this Part "company" means–
    (a) a company within the meaning of section 735(1) of the Companies Act 1985,
    (b) a c ompany incorporated in an EEA State other than the United Kingdom; or
    (c) a company not incorporated in an EEA State but having its centre of main interests in a member State other than Denmark.

(4) The following applies in a case where—
  (a) a person without reasonable excuse fails to appear before the court when he is summoned to do so under this section, or
  (b) ther e are reasonable grounds for believing that a person has absconded, or is about to abscond, with a view to avoiding his appearance before the court under this section.

(5) The court may, for the purpose of bringing that person and anything in his possession before the court, cause a warrant to be issued to a constable or prescribed officer of the court—
  (a) for the arrest of that person, and
  (b) for the seizure of any books, papers, records, money or goods in that person's possession.

(6) The court may authorise a person arrested under such a warrant to be kept in custody, and anything seized under such a warrant to be held, in accordance with the rules, until that person is brought before the court under the warrant or until such other time as the court may order.

**237.— Court's enforcement powers under s. 236.**

(1) If it appears to the court, on consideration of any evidence obtained under section 236 or this section, that any person has in his possession any property of the company, the court may, on the application of the office-holder, order that person to deliver the whole or any part of the property to the office-holder at such time, in such manner and on such terms as the court thinks fit.

(2) If it appears to the court, on consideration of any evidence so obtained, that any person is indebted to the company, the court may, on the application of the office-holder, order that person to pay to the office-holder, at such time and in such manner as the court may direct, the whole or any part of the amount due, whether in full discharge of the debt or otherwise, as the court thinks fit.

(3) Th e court may, if it thinks fit, order that any person who if within the jurisdiction of the court would be liable to be summoned to appear before it under section 236 or this section shall be examined in any part of the United Kingdom where he may for the time being be, or in a place outside the United Kingdom.

(4) Any person who appears or is brought before the court under section 236 or this section may be examined on oath, either orally or (except in Scotland) by interrogatories, concerning the company or the matters mentioned in section 236(2)(c).

*Adjustment of prior transactions (administration and liquidation)*

**238.— Transactions at an undervalue (England and Wales).**

(1) This section applies in the case of a company where—
  [ (a) the c ompany enters administration, or ][88]
  (b) the c ompany goes into liquidation;
and "the office-holder" means the administrator or the liquidator, as the case may be.

---

[88] substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch. 17 para. 25

*(Represents Current Law in Force - for pending amendments see Prospective Law on Westlaw UK.)*

(2) Where the company has at a relevant time (defined in section 240) entered into a transaction with any person at an undervalue, the office-holder may apply to the court for an order under this section.

(3) Su bject as follows, the court shall, on such an application, make such order as it thinks fit for restoring the position to what it would have been if the company had not entered into that transaction.

(4) For the purposes of this section and section 241, a company enters into a transaction with a person at an undervalue if—
> (a) the company makes a gift to that person or otherwise enters into a transaction with that person on terms that provide for the company to receive no consideration, or
> (b) the company enters into a transaction with that person for a consideration the value of which, in money or money's worth, is significantly less than the value, in money or money's worth, of the consideration provided by the company.

(5) The court shall not make an order under this section in respect of a transaction at an undervalue if it is satisfied—
> (a) that the company which entered into the transaction did so in good faith and for the purpose of carrying on its business, and
> (b) that at the time it did so there were reasonable grounds for believing that the transaction would benefit the company.

**239.— Preferences (England and Wales).**

(1) This section applies as does section 238.

(2) Where the company has at a relevant time (defined in the next section, given a preference to any person, the office-holder may apply to the court for an order under this section.

(3) Su bject as follows, the court shall, on such an application, make such order as it thinks fit for restoring the position to what it would have been if the company had not given that preference.

(4) For the purposes of this section and section 241, a company gives a preference to a person if—
> (a) that person is one of the company's creditors or a surety or guarantor for any of the company's debts or other liabilities, and
> (b) the company does anything or suffers anything to be done which (in either case) has the effect of putting that person into a position which, in the event of the company going into insolvent liquidation, will be better than the position he would have been in if that thing had not been done.

(5) The court shall not make an order under this section in respect of a preference given to any person unless the company which gave the preference was influenced in deciding to give it by a desire to produce in relation to that person the effect mentioned in subsection (4)(b).

(6) A company which has given a preference to a person connected with the company (otherwise than by reason only of being its employee) at the time the preference was given is presumed, unless the contrary is shown, to have been influenced in deciding to give it by such a desire as is mentioned in subsection (5).

(7) The fact that something has been done in pursuance of the order of a court does not, without more, prevent the doing or suffering of that thing from constituting the giving of a preference.

**240.— "Relevant time" under ss. 238, 239.**

(1) Subject to the next subsection, the time at which a company enters into a transaction at an undervalue or gives a preference is a relevant time if the transaction is entered into, or the preference given—

    (a) in the case of a transaction at an undervalue or of a preference which is given to a person who is connected with the company (otherwise than by reason only of being its employee), at a time in the period of 2 years ending with the onset of insolvency (which expression is defined below),

    (b) in the case of a preference which is not such a transaction and is not so given, at a time in the period of 6 months ending with the onset of insolvency,

    (c) in either case, at a time between the making of an administration application in respect of the company and the making of an administration order on that application, and

    (d) in either case, at a time between the filing with the court of a copy of notice of intention to appoint an administrator under paragraph 14 or 22 of Schedule B1 and the making of an appointment under that paragraph.

(2) Where a company enters into a transaction at an undervalue or gives a preference at a time mentioned in subsection (1)(a) or (b), that time is not a relevant time for the purpose of section 238 or 239 unless the company—

    (a) is at that time unable to pay its debts within the meaning of section 123 in Chapter VI of Part IV, or

    (b) bec omes unable to pay its debts within the meaning of that section in consequence of the transaction or preference;

but the requirements of this subsection are presumed to be satisfied, unless the contrary is shown, in relation to any transaction at an undervalue which is entered into by a company with a person who is connected with the company.

(3) For the purposes of subsection (1), the onset of insolvency is—

    [ (a) in a case where section 238 or 239 applies by reason of an administrator of a company being appointed by administration order, the date on which the administration application is made,

    (b) in a case where section 238 or 239 applies by reason of an administrator of a company being appointed under paragraph 14 or 22 of Schedule B1 following filing with the court of a copy of a notice of intention to appoint under that paragraph, the date on which the copy of the notice is filed,

    (c) in a case where section 238 or 239 applies by reason of an administrator of a company being appointed otherwise than as mentioned in paragraph (a) or (b), the date on which the appointment takes effect,

    (d) in a case where section 238 or 239 applies by reason of a company going into liquidation either following conversion of administration into winding up by virtue of Article 37 of the EC Regulation or at the time when the appointment of an administrator ceases to have effect, the date on which the company entered administration (or, if relevant, the date on which the application for the administration order was made or a copy of the notice of intention to appoint was filed), and

    (e) in a case where section 238 or 239 applies by reason of a company going into liquidation at any other time, the date of the commencement of the winding up. ][89]

*(Represents Current Law in Force - for pending amendments see Prospective Law on Westlaw UK.)*

(9) In this section—
> "insolvency administration order" has the same meaning as in any order under section 421 having effect for the time being,
> "value lost to the estate" means the amount which, if paid to the trustee, would in the court's opinion restore the position to what it would have been if the deceased had been adjudged bankrupt immediately before his death.

]²⁰⁷

### 422.— Formerly authorised banks

[ (1) The Secretary of State may by order made with the concurrence of the Treasury and after consultation with the Financial Services Authority provide that specified provisions in the first Group of Parts shall apply with specified modifications in relation to any person who—
> (a) has a liability in respect of a deposit which he accepted in accordance with the Banking Act 1979 (c. 37) or 1987 (c. 22), but
> (b) does not have permission under Part IV of the Financial Services and Markets Act 2000 (c. 8) (regulated activities) to accept deposits.

(1A) Subsection (1)(b) shall be construed in accordance with—
> (a) section 22 of the Financial Services and Markets Act 2000 (classes of regulated activity and categories of investment),
> (b) any relevant order under that section, and
> (c) Schedule 2 to that Act (regulated activities).

]²⁰⁸

(2) An order under this section may make different provision for different cases and may contain such incidental, supplemental and transitional provisions as may appear to the Secretary of State necessary or expedient.

(3) An order under this section shall be made by statutory instrument subject to annulment in pursuance of a resolution of either House of Parliament.

## PART XVI

## PROVISIONS AGAINST DEBT AVOIDANCE (ENGLAND AND WALES ONLY)

### 423.— Transactions defrauding creditors.

(1) This section relates to transactions entered into at an undervalue; and a person enters into such a transaction with another person if—
> (a) he makes a gift to the other person or he otherwise enters into a transaction with the other on terms that provide for him to receive no consideration;
> (b) he enters into a transaction with the other in consideration of marriage; or

---

[207] added by Insolvency Act 2000 c. 39 s. 12(1)

[208] s.422(1)-(1A) substituted for s.422(1) subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch. 17 para. 35

*(Represents Current Law in Force - for pending amendments see Prospective Law on Westlaw UK.)*

(c) he enters into a transaction with the other for a consideration the value of which, in money or money's worth, is significantly less than the value, in money or money's worth, of the consideration provided by himself.

(2) Where a person has entered into such a transaction, the court may, if satisfied under the next subsection, make such order as it thinks fit for—

(a) restoring the position to what it would have been if the transaction had not been entered into, and

(b) protecting the interests of persons who are victims of the transaction.

(3) In the case of a person entering into such a transaction, an order shall only be made if the court is satisfied that it was entered into by him for the purpose—

(a) of putting assets beyond the reach of a person who is making, or may at some time make, a claim against him, or

(b) of otherwise prejudicing the interests of such a person in relation to the claim which he is making or may make.

(4) In this section "the court" means the High Court or—

(a) if the person entering into the transaction is an individual, any other court which would have jurisdiction in relation to a bankruptcy petition relating to him;

(b) if that person is a body capable of being wound up under Part IV or V of this Act, any other court having jurisdiction to wind it up

(5) In relation to a transaction at an undervalue, references here and below to a victim of the transaction are to a person who is, or is capable of being, prejudiced by it; and in the following two sections the person entering into the transaction is referred to as "the debtor".

**424.— Those who may apply for an order under s. 423.**

(1) An application for an order under section 423 shall not be made in relation to a transaction except—

(a) in a case where the debtor has been adjudged bankrupt or is a body corporate which is being wound up or [is in administration][209], by the official receiver, by the trustee of the bankrupt's estate or the liquidator or administrator of the body corporate or (with the leave of the court) by a victim of the transaction;

(b) in a case where a victim of the transaction is bound by a voluntary arrangement approved under Part I or Part VIII of this Act, by the supervisor of the voluntary arrangement or by any person who (whether or not so bound) is such a victim; or

(c) in any other case, by a victim of the transaction.

(2) An application made under any of the paragraphs of subsection (1) is to be treated as made on behalf of every victim of the transaction.

---

[209] words substituted subject to transitional provisions specified in SI 2003/2093 art.3 by Enterprise Act 2002 c. 40 Sch. 17 para. 36

*(Represents Current Law in Force - for pending amendments see Prospective Law on Westlaw UK.)*