| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|   | BRUCE A. ERICSON #76342 |
| 2 | ALICE KWONG MA HAYASHI #178522 |
|   | ELIANA P. KAIMOWITZ RODRIGUEZ #256712 |
| 3 | 50 Fremont Street |
|   | Post Office Box 7880 |
| 4 | San Francisco, CA  94120-7880 |
|   | Telephone:  (415) 983-1000 |
| 5 | Facsimile:  (415) 983-1200 |
|   | bruce.ericson@pillsburylaw.com |
| 6 | alice.hayashi@pillsburylaw.com |
|   | eliana.kaimowitz@pillsburylaw.com |

Attorneys for Defendants
CAMBRIDGE DISPLAY TECHNOLOGY LIMITED
and CDT OXFORD LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUNNYSIDE DEVELOPMENT COMPANY LLC,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CAMBRIDGE DISPLAY TECHNOLOGY LIMITED, CDT OXFORD LIMITED, OPSYS LIMITED, and JOHN DOES I through V,<br><br>                    Defendants. | No. C-08-1780-MHP<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT CAMBRIDGE DISPLAY TECHNOLOGY LIMITED'S MOTION TO DISMISS COMPLAINT**<br><br>Date:     September 8, 2008<br>Time:    2:00 pm<br>Courtroom 15, 18th Floor<br>Hon. Marilyn Hall Patel |

1     Defendant Cambridge Display Technology Limited ("CDT Ltd.") has moved
2 pursuant to Rule 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to
3 dismiss the Complaint filed by plaintiff Sunnyside Development Company LLC
4 ("Sunnyside") ("Motion").  Defendant CDT Oxford Limited ("CDT Oxford") joined in the
5 Motion.  The Motion came on for hearing on September 8, 2008, before the above-entitled
6 Court, the Honorable Marilyn Hall Patel presiding.  Defendants CDT Ltd. and CDT Oxford
7 Limited were represented by Bruce A. Ericson, Esq., and Alice K. M. Hayashi, Esq., of
8 Pillsbury Winthrop Shaw Pittman LLP.  Plaintiff Sunnyside Development Company LLC
9 was represented by Michael Hinckley, Esq., of Stiglich & Hinckley, LLP, and Christoph C.
10 Heisenberg, Esq., of Traiger & Hinckley LLP.  The Court having read and considered the
11 Motion and the supporting and opposing papers filed by the parties, and having heard and
12 considered the arguments of counsel, and good cause appearing therefor:
13     IT IS HEREBY ORDERED that the Motion is granted on the following grounds:
14     **Sunnyside's Complaint is dismissed in its entirety:**
15     1.    Under the doctrine of claim preclusion, Sunnyside's Complaint is barred by
16 the Court's August 8, 2005 order dismissing with prejudice Sunnyside's fraud claim against
17 CDT Ltd. in *Sunnyside Dev. Co. v. Opsys Ltd.,* No. C-05-553-MHP (N.D. Cal.) ("*Sunnyside
18 I*").  See *Sunnyside Dev. Co. v. Opsys Ltd.,* No. C-05-553-MHP, 2005 WL 1876106 (N.D.
19 Cal. Aug. 8, 2005).
20     2.    Under the doctrine of issue preclusion, Sunnyside's Complaint is barred by
21 the Court's August 29, 2007 order denying Sunnyside's motion under Rules 25(c) and 69 of
22 the Federal Rules of Civil Procedure to add Cambridge Display Technology, Inc. to the
23 action and judgment in *Sunnyside I.  See Sunnyside Dev. Co. v. Opsys Ltd.,* No. C-05-553-
24 MHP, 2007 WL 2462142 (N.D. Cal. Aug. 29, 2007).  Sunnyside is precluded from re-
25 litigating either the issue of adequacy of consideration or the issue of fraudulent intent.
26     3.    Sunnyside's fifth cause of action for common law fraud is dismissed on two
27 additional grounds:
28     a.    Sunnyside's fraud allegations fail to state a claim because it does not allege

the essential elements of scienter, intent to induce reliance, justifiable reliance and damages causally connected to the alleged omission.

      b.      Sunnyside also fails to plead fraud with particularity, as require by Rule 9(b) of the Federal Rules of Civil Procedure.

      4.      Sunnyside's fourth cause of action under the UK Insolvency Act 1986 also is dismissed on independent grounds:

      a.      Section 238 of the United Kingdom's Insolvency Act 1986 does not create a right of action in a debtor such as Sunnyside.

      b.      As discussed below, Sunnyside's claim under   section 238 is also time-barred.

      c.      This Court does not have subject matter jurisdiction over Sunnyside's claims under section 423 of the UK Insolvency Act 1986.  *See* Fed. R. Civ. P. 12(b)(1).

      5.      Separate and apart from the rulings above, all of Sunnyside's claims based on transactions that occurred in 2002 are time-barred, as are its fraud and constructive trust claims based on transactions that occurred in 2004:

      a.      Sunnyside's first cause of action under California Civil Code section 3439.05 is time-barred to the extent it is based on transactions that occurred in 2002.  *See* Cal. Civ. Code § 3439.09(b).

      b.      Sunnyside's second cause of action under California Civil Code section 3439.04(a)(1) is time-barred to the extent it is based on the 2002 transactions.  *See* Cal. Civ. Code § 3439.09(a).

      c.      Sunnyside's third cause of action under California Civil Code section 3439.07, which rises and falls with its first and second causes of action, is time-barred to the extent it is based on the 2002 transactions.

      d.      Sunnyside's claim under section 238 of the UK Insolvency Act 1986 is time-barred.  *See* UK Insolvency Act 1986, sections 238, 240.

      e.      Sunnyside's fifth cause of action for common law fraud is time-barred to the extent it is based on either the 2002 transactions or transactions that occurred in 2004 .  *See*

1  Cal. Civ. Proc. Code § 338(d).

2          f.      Sunnyside's sixth cause of action for a constructive trust is time-barred to
3  the extent it is based on either the 2002 transactions or the 2004 transactions.  *See* Cal. Civ.
4  Proc. Code § 338(d).

5          6.      Sunnyside's Complaint is therefore dismissed in its entirety with prejudice
6  as to both CDT Ltd. and CDT Oxford.

7          Dated: _____

                                                    _____
                                                            Hon. Marilyn Hall Patel
                                                            United States District Judge