1  STIGLICH & HINCKLEY, LLP
2  MICHAEL HINCKLEY #161645
   The CCDS Building
3  502 Seventh Street
   San Francisco, CA  94103
4  Telephone:  (415) 865-2539
   Facsimile:  (415) 865-2538
5  hinckley@stiglichhinckley.com

6
   TRAIGER & HINCKLEY LLP
7  501 Fifth Avenue, Suite 506
   New York, New York 10017
8  cheisenberg@traigerlaw.com

9  Attorney for Plaintiff
10 SUNNYSIDE DEVELOPMENT COMPANY LLC

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15 | SUNNYSIDE DEVELOPMENT          | No. C-08-1780-MHP
   | COMPANY LLC,                   |
16 |                                | **AFFIRMATION OF CHRISTOPH C.**
17 |                    Plaintiff,  | **HEISENBERG IN SUPPORT OF**
   |                                | **MOTION PURSUANT TO LOCAL**
18 |       vs.                      | **RULE 79-5(d)**
19 | CAMBRIDGE DISPLAY TECHNOLOGY   | Courtroom 15, 18th Floor
   | LIMITED, CDT OXFORD LIMITED,   | Hon. Marilyn Hall Patel
20 | OPSYS LIMITED, and JOHN DOES I |
   | through V,                     | Accompanying:
21 |                                | 1. Administrative Motion Pursuant to
22 |                    Defendants. |    Local Rule 79-5(d)

23
24
25
26
27
28
                                        1
                                        Affirmation of Christoph Heisenberg [Rule
                                        79-5(d) Motion]
                                        No. C:08-1780-MHP

1. I am an attorney with Traiger & Hinckley LLP, counsel to Plaintiff Sunnyside Development Company LLC ("Sunnyside" or "Plaintiff"). I submit this Affirmation to lodge with the Clerk the three documents referenced in Sunnyside's opposition to the motion of Defendant Cambridge Display Technology Limited to dismiss the complaint herein that are subject to the accompanying Administrative Motion Pursuant to Local Rule 79-5(d).

2. As is explained herein, the documents annexed hereto have been produced by Ernst & Young LLP pursuant to an Agreement for Protective Treatment of Confidential Information Relating To: Opsys Limited, a copy of which is attached. Pursuant to that agreement, Sunnyside is obligated to allow Ernst & Young to appear before the Court and preserve its interests concerning the purported confidential treatment of these documents.

3. Section 8 of that Agreement provides "[t]he Agreement shall not prevent any Confidential Material from being used by the Courts or counsel of record at any hearing in the Proceedings, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Courts may then prescribe."

4. Sunnyside does not advance the position that these documents are confidential, or require sealing. These documents are being provided to the Court to prescribe whatever measures it deems appropriate for these materials.

**The Documents Lodged Herewith**

5. Attached as **Exhibit 1** is a copy of the Houlihan Lokey Howard & Zukin valuation, dated June 23, 2004, and produced by Ernst & Young LLP in the New York action with bates stamp EY000065 to EY000107.

6. Attached as **Exhibit 2** is a true and correct excerpt of a March 3, 2005 e-mail from CDT Ltd.'s Michael Black to Ernst & Young LLP, bearing bates stamp EY000032 to

2

Affirmation of Christoph Heisenberg [Rule 79-5(d) Motion]
No. C:08-1780-MHP

1  EY000039.

2      7. Attached as **Exhibit 3** is a true and correct copy of the balance sheet for CDT

3  Limited, audited by Ernst & Young LLP, bates stamped EY 000018.

4      8. Attached as **Exhibit 13** is a copy of the confidentiality stipulation between counsel

5  for Sunnyside and Ernst & Young LLP.

6      9. In accordance with 28 U.S.C. 1746, I affirm under the pains and penalties of perjury

7  that the foregoing is true and correct to the best of my knowledge.

8  Dated: New York, New York

9         August 18, 2008

*[signature]*

Christoph C. Heisenberg

3

Affirmation of Christoph Heisenberg [Rule 79-5(d) Motion]
No. C:08-1780-MHP



**ERNST & YOUNG**
5 Times Square, New York, NY 10036

Phone: 212-773-3800   Fax: 212-773-2333

## General Counsel's Office
## FAX TRANSMITTAL SHEET

**DATE:** July 1, 2008

**TO:** Christoph C. Heisenberg, Esq.
TRAIGER & HINCKLEY LLP

**FAX NUMBER:** 212-937-5229

**NO. OF PAGES (including cover page):** 6

**FROM:** Jonathan A. Roberts
Assistant General Counsel

**DIRECT DIAL:** 212-773-7021

**EMAIL:** jonathan.roberts@ey.com

If you have any difficulty receiving this transmission, please call: Rhonda Holmes @ 212-773-2388.

---

**NOTICE**

The information contained in this facsimile message is attorney/client privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to the above address via the U.S. Postal Service. Thank you. Ernst & Young LLP.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------- X
                                         )
                                         )
                                         )   AGREEMENT FOR
SUNNYSIDE DEVELOPMENT CO. LLC )              PROTECTIVE TREATMENT
                    Plaintiff,           )   OF CONFIDENTIAL
                                         )   INFORMATION RELATING
        against                          )   TO: OPSYS LIMITED
                                         )
                                         )
OPSYS LIMITED,                           )   DOCUMENTS PRODUCED
                                         )   BY ERNST & YOUNG LLP
                    Defendant.           )
                                         )   Index. No. 113409/07
                                         )
---------------------------------------- X

WHEREAS, counsel for Sunnyside Development Company LLC in the above-captioned matter has served a subpoena upon non-party Ernst & Young LLP ("Ernst & Young") seeking the production of certain documents (the "Subpoena") in connection with its efforts to collect the Judgment entered against Opsys Limited (any actions in aid of Judgment are referred herein as the "Proceedings"); and

WHEREAS, Ernst & Young requires that the documents that it produces pursuant to the Subpoena be treated as confidential in accordance with the terms of this agreement (the "Agreement");

NOW, THEREFORE, IT IS HEREBY AGREED, by and among the undersigned that:

1.   The Agreement shall apply to all information and materials produced by Ernst & Young pursuant to the Subpoena, all information derived therefrom and all copies, excerpts or summaries thereof (hereinafter referred to collectively as "Confidential Material").

2. Under no circumstances shall Confidential Material or information derived therefrom be used for purposes other than the Proceedings nor be disclosed by Sunnyside or its counsel to anyone other than:

   (a) the courts in which the Proceedings are pending (the "Courts");

   (b) court reporters who record depositions or other testimony in the Proceedings;

   (c) a deponent in the Proceedings;

   (d) counsel of record to the parties to the Proceedings;

   (e) parties, and those directors, officers, partners and employees of the parties who are involved in the Proceedings; and

   (f) experts or consultants retained by the parties or other counsel to assist counsel to prepare the Proceedings for trial.

3. Sunnyside and its counsel shall not disclose Confidential Material to any third person or entity other than those persons or entities set forth above, nor use it for any purpose other than the purposes set forth above, unless or until such information:

   (a) was known by Sunnyside prior to disclosure by Ernst & Young;

   (b) is in the public domain;

   (c) is subsequently learned by Sunnyside from a third party not under the restrictions imposed by this Agreement;

   (d) is independently developed by Sunnyside without reference to the Confidential Material;

   (e) is otherwise acquired from a source other than Confidential Material; or

   (f) is required by government authority, court order or subpoena and reasonable notice of the impending disclosure has been given to Ernst & Young.

4.  In the event Confidential Material is to be disclosed or made available by the recipients to a consultant or expert retained or consulted in connection with the Proceeding, disclosure of such Confidential Material shall not be made until the consultant or expert agrees in writing not to disclose Confidential Material to any third party or use such Confidential Material or information derived therefrom for purposes other than the Proceeding; and to otherwise be bound by the terms and conditions of the Agreement.

5.  Prior to disclosure of Confidential Material and information derived therefrom to any or all persons listed at paragraph 2(d)-(f), *supra*, by Sunnyside's counsel, such persons shall read the Agreement and acknowledge in writing their agreement to be bound by the terms of the Agreement by executing the declaration appended hereto as Exhibit A.

6.  No documents or information from those documents protected by the Agreement shall be disclosed to news or journalistic sources, or any other media.

7.  The Agreement may be modified or amended at any time by agreement in writing among each of the undersigned counsel.

8.  The Agreement shall not prevent any Confidential Material from being used by the Courts or counsel of record at any hearing in the Proceedings, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Courts may then prescribe.

9.  The prohibitions of the Agreement which restrict the disclosure and use of Confidential Material shall continue to be binding after the conclusion of the Proceedings.

10. The inadvertent production of any document or other information during discovery in the Proceedings shall be without prejudice to any claim that such material

is privileged or protected from discovery as attorney work-product and Ernst & Young shall not be held to have waived any rights by such inadvertent production. Any document (including all copies thereof) or information asserted at the earliest practicable time to be privileged or protected from discovery as attorney work-product shall be immediately returned to Ernst & Young upon prompt written request.

11.  Nothing herein shall be deemed, interpreted, construed or asserted to affect in any way the admissibility of any document, testimony or other evidence at any proceeding in the Proceeding, nor constitute any objections thereto. Nothing herein shall be construed to limit in any way Ernst & Young's use of Confidential Material.

12.  Nothing contained herein shall constitute an acknowledgment by Sunnyside that said material is in fact "confidential" nor limit or restrict the right of Sunnyside to seek an Order striking said material's designation as "confidential".

13.  The Agreement, insofar as it restricts communications and use of Confidential Material, shall continue to be binding throughout the Proceedings, including any appeals, and shall survive the Proceedings.

Dated: New York, New York
       June 27, 2008

                                    ERNST & YOUNG LLP

                                    By:  _____
                                         Jonathan Roberts, Esq.
                                         5 Times Square
                                         New York, NY  10036
                                         (212) 773-7021

                                    Attorneys for Non-Party

                                    TRAIGER & HINCKLEY LLP

                                    By:  _____
                                         Christoph C. Heisenberg, Esq.

501 Fifth Avenue, Suite 506
New York, New York 10017
(212) 845-9094

Attorneys for Sunnyside Development
Company LLC