1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    BRUCE A. ERICSON #76342
2   ALICE KWONG MA HAYASHI #178522
    ELIANA P. KAIMOWITZ RODRIGUEZ #256712
3   50 Fremont Street
    Post Office Box 7880
4   San Francisco, CA  94120-7880
    Telephone:  (415) 983-1000
5   Facsimile:  (415) 983-1200
    bruce.ericson@pillsburylaw.com
6   alice.hayashi@pillsburylaw.com
    eliana.kaimowitz@pillsburylaw.com
7
    Attorneys for Defendants
8   CAMBRIDGE DISPLAY TECHNOLOGY LIMITED
    and CDT OXFORD LIMITED
9

10                   UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13

14   SUNNYSIDE DEVELOPMENT                No. C-08-1780-MHP
     COMPANY LLC,
15                                        **REPLY MEMORANDUM IN**
                          Plaintiff,      **SUPPORT OF MOTION OF**
16                                        **DEFENDANT CAMBRIDGE**
            vs.                           **DISPLAY TECHNOLOGY**
17                                        **LIMITED TO STAY CASE**
     CAMBRIDGE DISPLAY TECHNOLOGY         **PENDING APPEAL**
18   LIMITED, CDT OXFORD LIMITED,
     OPSYS LIMITED, and JOHN DOES I       Date:    September 8, 2008
19   through V,                           Time:    2:00 p.m.
                                          Courtroom 15, 18th Floor
20                        Defendants.     Hon. Marilyn Hall Patel

21                                        Filed herewith:
                                          Request for Judicial Notice (Dkt. 43)
22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2                                                                                                                    **Page**

3    **I.**     INTRODUCTION. ...................................................................................................1

4    **II.**    ARGUMENT. ........................................................................................................2

5               A.     This Court has discretion to enter a stay. ....................................................2

6               B.     Should the Court not dismiss all of *Sunnyside II*, it should stay
                       further procedures in *Sunnyside II* pending the Ninth Circuit's
7                      decision in *Sunnyside I*. ...................................................................................3

8    **III.**   CONCLUSION. ....................................................................................................4

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page**

3

## Cases

4

*Landis v. North American Co.*,
        299 U.S. 248 (1936) .................................................................................. 2, 3

5

*Leyva v. Certified Grocers of California, Ltd.*,
6        593 F.2d 857 (9th Cir. 1979) ...................................................................... 2

7

*Lockyer v. Mirant*,
        398 F.3d 1098 (9th Cir. 2005) ................................................................... 2

8

*Sunnyside Dev. Co., LLC v. Opsys Limited*,
9        No. C-05-553-MHP, 2007 WL 2462142 (N.D. Cal. Aug. 29, 2007),
        *appeal pending,* No. 07-16773 (9th Cir.) .............................................. 1, 3

10

## Rules and Regulations

11

Federal Rules of Civil Procedure
12        Rule 25(c) ................................................................................................... 3

13

Federal Rules of Civil Procedure
        Rule 69......................................................................................................... 3

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **I.        INTRODUCTION.**

2          Sunnyside's opposition to the motion to stay this case pending appeal largely

3    ignores the basis for the motion:  (1) this Court has discretion to enter a stay, and (2) this

4    Court should stay further proceedings pending the Ninth Circuit's decision in *Sunnyside I.*

5          Instead, Sunnyside spends most of its time complaining that it was "sent . . . on a

6    wild goose chase to New York" (Stay Opp., p. 1), suggesting that its New York litigation

7    was needless, in addition to being unsuccessful.  (Interestingly, Sunnyside never explains

8    why it is still maintaining an appeal to the Second Circuit in the New York litigation, if it

9    indeed is a "wild goose chase.")  For present purposes, though, even Sunnyside concedes

10   that the New York proceedings are "wholly irrelevant" to the stay motion before this Court.

11   Stay Opp., p. 3.  Rather, the basis of this motion is Sunnyside's appeal to the Ninth Circuit

12   of this Court's decision declining to add CDT Inc. to the judgment in *Sunnyside I.*

13   *Sunnyside Dev. Co., LLC v. Opsys Limited,* No. C-05-553-MHP, 2007 WL 2462142, *11

14   (N.D. Cal. Aug. 29, 2007), *appeal pending,* No. 07-16773 (9th Cir.).

15         The *Sunnyside I* appeal involves an issue that Sunnyside has described as central to

16   this case (*Sunnyside II*).  *See* remarks of counsel for Sunnyside in the transcript of case

17   management conference of July 21, 2008, at 5-6 (focusing on the May 2005 transaction and

18   describing the 2002 and 2004 transactions as "more for background").  That issue is

19   whether the May 2005 transfer of equity in CDT Oxford from Opsys Limited to defendant

20   and movant **CAMBRIDGE DISPLAY TECHNOLOGY LIMITED** ("CDT Ltd.") was a

21   fraudulent transfer.  This Court ruled in *Sunnyside I* that the May 2005 transfer was not a

22   fraudulent transfer.  *Sunnyside Dev. Co.,* 2007 WL 2462142, at *11.

23         The principal argument of CDT Ltd. in its companion motion to dismiss is that the

24   doctrines of issue preclusion and claim preclusion bar any re-litigation of that issue here, in

25   *Sunnyside II*, and CDT Ltd. would prefer a dismissal to a stay.  But should the Court

26   decline to dismiss *Sunnyside II*, at the very least it should await the Ninth Circuit's ruling

27   on the fraudulent transfer issue in *Sunnyside I* before investing scarce judicial resources

28   revisiting it here.

1  **II.    ARGUMENT.**

2  **A.    This Court has discretion to enter a stay.**

3      Sunnyside does not, and cannot, dispute that this Court has discretion to enter a stay.

4  *See* Stay Opp., p. 6.  The Ninth Circuit has summarized the controlling principles:  "A trial

5  court may, with propriety, find it is efficient for its own docket and the fairest course for the

6  parties to enter a stay of an action before it, pending resolution of independent proceedings

7  which bear upon the case.  …  In such cases the court may order a stay of the action

8  pursuant to its power to control its docket and calendar and to provide for a just

9  determination of the cases pending before it."  *Leyva v. Certified Grocers of California,*

10  *Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted).  Indeed, the Ninth Circuit

11  case quoted by Sunnyside also recognizes that deciding whether to issue a stay is a matter

12  of weighing "the competing interests which will be affected by the granting or refusal to

13  grant a stay."  *Lockyer v. Mirant*, 398 F.3d 1098, 1010 (9th Cir. 2005).

14      Sunnyside is wrong in suggesting that a stay in this case will result in "a litigant in

15  one cause be[ing] compelled to stand aside while a litigant in another settles the rule of law

16  that will define the rights of both."  Stay Opp., p. 6; *quoting Landis v. North American Co.*,

17  299 U.S. 248, 255 (1936).  Here, we are only asking that this Court stay further proceedings

18  until the Ninth Circuit settles the rule of law in *Sunnyside I*.  Obviously, Sunnyside is a

19  party in the Ninth Circuit proceedings in *Sunnyside I*; indeed, it is the appellant and brought

20  those proceedings.  Thus, Sunnyside is **not** being asked to stand aside as a helpless

21  bystander.

22      Citing the Supreme Court's opinion in *Landis*, Sunnyside erroneously argues that

23  "[a] party seeking a stay of discovery pending a motion to dismiss 'must make out a clear

24  case of hardship or inequity in being required to go forward. . .'"  Stay Opp., p. 1.  Yet,

25  *Landis* itself goes on to say that "[c]onsiderations such as these, however, are counsels of

26  moderation rather than limitations upon power."  299 U.S. at 255.  Indeed, the Ninth Circuit

27  has observed that it has "sustained, or authorized in principle, *Landis* stays on several

28  occasions."  *Lockyer*, 398 F.3d at 1110.  These Ninth Circuit cases have been counseled by

1  the Supreme Court's guidance in *Landis* that:  "[T]he power to stay proceedings is

2  incidental to the power inherent in every court to control the disposition of the causes on its

3  docket with economy of time and effort for itself, for counsel, and for litigants.  How this

4  can best be done calls for the exercise of judgment, which must weigh competing interests

5  and maintain an even balance." *Landis*, 299 U.S. at 254-55.  Sunnyside asserts, without

6  support, that in *Sunnyside I* its "Rule 25 motion expressly reserved litigating its fraudulent

7  conveyance claims against other entities."  Stay Opp., p. 3.

8  **B.    Should the Court not dismiss all of *Sunnyside II*, it should stay further**

9  **procedures in *Sunnyside II* pending the Ninth Circuit's decision in *Sunnyside I*.**

10  In *Sunnyside I*, the Ninth Circuit is being asked to review this Court's ruling

11  denying Sunnyside's motion pursuant to Rules 25(c) and 69 of the Federal Rules of Civil

12  Procedure to add CDT Inc. to the judgment.  If the Ninth Circuit affirms this Court's ruling,

13  it doubtlessly would address this Court's ruling that the May 2005 transactions were not

14  fraudulent.  As this Court said:

15  
16      Plaintiffs additionally point to the fact that defendants transferred CDT
        Oxford Limited from Opsys Limited to CDT Limited in 2005, while this
        action was pending, leaving Opsys Limited with no assets. Bunzel Dec. ¶ J.
17      CDT, Inc. claims that these transfers were planned in late 2004, prior to the
        initiation of this lawsuit. Black Dec. ¶ ¶ 24-25. At the time of these transfers,
18      CDT Limited, rather than CDT, Inc., was a defendant in this action. *Id.*  An
        asset transfer between defendants is hardly an attempt to thwart a plaintiff's
19      ability to collect.  **These facts do not support a finding of fraudulent
        transfer**.
20  

21  *Sunnyside Dev. Co.*, 2007 WL 2462142, at *11 (emphasis added).  The Ninth Circuit's

22  ruling on this point should bind Sunnyside in the current proceedings in *Sunnyside II*.

23  Sunnyside's only response is its argument that the Ninth Circuit will be deciding

24  whether CDT Inc. is liable, while the current action is against CDT Ltd.  That misses the

25  point: *Sunnyside I* and *Sunnyside II* both allege that the May 2005 transactions were

26  fraudulent and involved fraudulent transfers.  As the Court may verify for itself, the parties

27  discuss the May 2005 transaction at length in their Ninth Circuit briefing.  CDT Ltd. has

28  provided all three of the Ninth Circuit briefs in its request for judicial notice filed herewith,

1    Dkt. 43.  *See* Principal Brief of Appellant Sunnyside Development Company (Dkt. 43

2    Ex. A at 6-10, 16, 21-22, 27-28); Brief for Appellee Cambridge Display Technology, Inc.

3    (*id.* Ex. B at 2, 9, 27, 43-45); Reply Brief of Appellant Sunnyside Development Company

4    (*id.* Ex. C at 10, 14-15, 19).  In its reply, Sunnyside expressly stated:  "Sunnyside's present

5    claim challenges Opsys Limited's 2002 and 2005 transactions…."  *Id.* Ex. C at 10.

6        Sunnyside also devotes several pages in its Ninth Circuit briefs to the same claim it

7    makes now in *Sunnyside II* that CDT Inc. mischaracterized the nature of the escrow account

8    created during the 2004 transactions.  *Compare* Sunnyside's opposition to CDT Ltd.'s

9    motion to dismiss (Dkt. 40), at 4, 8, 20, 21, 23 (seven references to "extravagant

10   mischaracterizations") *with* Dkt. 43 Ex. A at 4, 12-13 and *id.* Ex. C at 17.  CDT Inc.

11   responded to these arguments in its Ninth Circuit Brief (Dkt. 43 Ex. B at 35-37, 42 n.8), just

12   as it has in the current proceedings.  *See* Reply Memorandum in Support of Defendant

13   Cambridge Display Technology Limited's Motion to Dismiss Complaint, filed herewith.

14       Thus, there plainly is overlap between the two proceedings.  In particular, the May

15   2005 transactions are at the heart of both proceedings.  Both judicial economy and fairness

16   to the parties would be best served by awaiting the Ninth Circuit's ruling on whether or not

17   the May 2005 transactions were fraudulent.  Sunnyside does not deny that this Court held in

18   *Sunnyside I* that the May 2005 transactions were not fraudulent.  An affirmance of that

19   ruling by the Ninth Circuit would, in all likelihood, bar most or all of Sunnyside's

20   fraudulent conveyance claim in this proceeding.

21   **III.    CONCLUSION.**

22       For the reasons stated above and in its Motion to Stay, CDT Ltd. submits that, if this

23   action is not dismissed pursuant to defendants' motions to dismiss, it should, in the

24   alternative, be stayed pending resolution of the appeal in *Sunnyside I*.

25       Dated:  August 25, 2008.

26

27

28

1

2          PILLSBURY WINTHROP SHAW PITTMAN LLP
           BRUCE A. ERICSON
           ALICE KWONG MA HAYASHI
3          ELIANA P. KAIMOWITZ RODRIGUEZ
           50 Fremont Street
4          Post Office Box 7880
           San Francisco, CA  94120-7880
5

6          By _____/s/ Bruce A. Ericson_____
                          Bruce A. Ericson
7          Attorneys for Defendants
           CAMBRIDGE DISPLAY TECHNOLOGY
8          LIMITED and CDT OXFORD LIMITED

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28