UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNYSIDE DEVELOPMENT COMPANY LLC, | No. C 08-01780 MHP |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | **Re: Defendant CDT Oxford Limited's Motion to Dismiss for Lack of Personal Jurisdiction** |
| CAMBRIDGE DISPLAY TECHNOLOGY LIMITED, CDT OXFORD LIMITED, OPSYS LIMITED, and JOHN DOES I though V, | |
| Defendants. / | |

    Plaintiff Sunnyside Development Company LLC ("plaintiff") prevailed in a diversity breach of contract action against defendant Opsys Ltd. in this court ("*Sunnyside I*"). On March 9, 2007, a jury awarded plaintiff approximately $4.85 million. In this action, plaintiff challenges the conveyance of certain Opsys Ltd. assets—including its 84% ownership of CDT Oxford Ltd. ("CDT Oxford")—to other corporate entities, including Cambridge Display Technology Ltd. ("CDT Limited"). Plaintiff alleges that these transfers rendered Opsys Ltd. insolvent and unable to satisfy the judgment. Plaintiff seeks to set aside or void these transfers, so that plaintiff can satisfy its judgment against Opsys Ltd. One defendant, CDT Oxford, has moved to dismiss the complaint as to it for lack of personal jurisdiction.

    This memorandum and order address only CDT Oxford's motion to dismiss for lack of personal jurisdiction. The court rules on CDT Limited's motion to dismiss pursuant to Rule 12(b)(6) (joined by CDT Oxford) in a companion memorandum and order. Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

The factual background underlying this motion is described in today's companion memorandum and order partially dismissing the complaint based on defendant's Rule 12(b)(6) motion.

LEGAL STANDARD

Plaintiff bears the burden of proving that the court may exercise personal jurisdiction over the defendant. Schwarzenegger v. Fred Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). If the jurisdictional challenge is based solely on written papers, plaintiff need only make a prima facie showing of jurisdiction. Harris Rutsky & Co. Ins. Servs. v. Bell & Clements, Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003). However, the court may not assume the truth of allegations in a pleading which are contradicted by an affidavit. Data Disc, Inc. v. Systems Technology Assocs., Inc., 557 F.2d 1280, 1284 (1977). The allegations in a plaintiff's complaint, if contradicted by a defendant's affidavits, are insufficient to make out a prima facie case. See Pena v. Valo, 563 F. Supp. 742, 747 (C.D. Cal. 1983).

Where there is no federal standard establishing personal jurisdiction, district courts apply the jurisdictional standards of the state in which the district court sits. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). California courts may properly exercise personal jurisdiction to the extent allowed by the Due Process Clause of the United States Constitution. Threlkeld v. Tucker, 496 F.2d 1101, 1103 (9th Cir. 1974). Courts may exercise personal jurisdiction over a nonresident defendant, consistent with due process, if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l. Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted). Basic due process for this purpose requires that a defendant has fair warning that a particular activity may subject it to jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

If a nonresident defendant has contacts with the forum state that are "substantial" or "continuous and systematic," then courts may exercise general personal jurisdiction over the

1  defendant without regard to whether the action arises from the defendant's activities in the forum
2  state. Perkins v. Benguet, 342 U.S. 437 (1952).  If a nonresident defendant's activities within the
3  forum state are less substantial, then courts may still exercise specific personal jurisdiction where the
4  action arises out of or is related to the defendant's particular activities within the forum state.
5  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

6        To obtain specific jurisdiction over a defendant, a plaintiff must show the following to be
7  true: (1) The nonresident defendant must do some act or consummate some transaction within the
8  forum or perform some act by which he purposefully avails himself of the privilege of conducting
9  activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must
10 be one which arises out of or results from the defendant's forum-related activities; and (3) exercise
11 of jurisdiction must be reasonable. Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001), citing
12 Gordy v. Daily News, L.P., 95 F.3d 829, 831-32 (9th Cir. 1996).

14 DISCUSSION
15       Plaintiff Sunnyside has not argued that CDT Oxford conducts the sort of "substantial,
16 continuous, and systematic" activities, see Doe v. Unocal Corp., 248 F.3d at 923, that would subject
17 it to general jurisdiction in California.  Rather, plaintiff argues that the court has specific jurisdiction
18 over CDT Oxford.  To establish a prima facie case of specific personal jurisdiction, plaintiff must
19 sufficiently allege activities that amount to purposeful availment of the forum. Id.  Plaintiff argues
20 that CDT Oxford purposely availed itself of the forum in two ways: (1) by concluding the 2002
21 Transaction Agreement with two California entities, among others; and (2) by engaging in
22 intentional acts that resulted in injury in California

23       The 2002 Transaction Agreement cannot provide a basis for jurisdiction.  Even if the court
24 concluded that negotiating and entering into this agreement amounted to purposeful availment of the
25 forum, such activity is not the activity out of which plaintiff's claim arises.  Today, the court, in a
26 separate order, dismisses plaintiff's claims based upon the 2002 and 2004 transactions between
27 Opsys Ltd. and CDT Limited under the doctrine of claim preclusion and on other grounds.
28 Plaintiff's sole remaining claim is based upon the 2005 transaction between Opsys Ltd. and CDT

3

United States District Court
For the Northern District of California

1  Limited. That transaction involved the transfer of Opsys Ltd.'s 84% stake in CDT Oxford to CDT
2  Limited, allegedly for no consideration. See Complaint ¶ 52. Plaintiff has made no allegation that
3  the consummation of this transaction involved any contact with California. The earlier transactions
4  between Opsys Ltd. and CDT Incorporated are irrelevant to the propriety of the 2005 transfer of
5  assets between Opsys Ltd. and CDT Limited, in the United Kingdom. Were this not the case, the
6  court would likely have found that the claims based on the 2005 transactions were barred by claim
7  preclusion, which it did not. Thus, even if the court found that the 2002 Transaction Agreement or
8  any 2004 agreement with California entities amounted to purposeful availment (an issue upon which
9  it reserves judgment), such purposeful availment would be insufficiently related to plaintiff's
10 remaining claim, which does not arise out of these forum-related activities. Agreements related to
11 the 2002 and 2004 transactions cannot provide a basis for personal jurisdiction over CDT Oxford for
12 the purpose of litigating plaintiff's remaining claim.

13      Nor can plaintiff make out prima facie purposeful availment based on the effects of CDT
14 Oxford's conduct in California. The "effects test" is satisfied if the defendant (1) committed an
15 intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm which is
16 suffered and which defendant knows is likely to be suffered in the forum state. Bancroft & Masters,
17 Inc. v. Augusta Nat'l, Inc., 223 F.3d at 1082, 1087 (9th Cir. 2000), citing Calder v. Jones, 465 U.S.
18 783 (1984). Assuming that the first prong is met, the second and third clearly are not.

19      Since claims based on the 2002 and 2004 transactions have been dismissed, the act in
20 question is the 2005 conveyance of Opsys Ltd.'s 84% ownership stake in CDT Oxford to CDT
21 Limited. CDT Oxford was the *object* of this conveyance, not the conveyor. Plaintiff has made no
22 allegation that CDT Oxford had any control over whether the 84% share was conveyed between two
23 other entities. Therefore, CDT Oxford is not alleged to have committed any "intentional act" in
24 connection with the 2005 transaction. Furthermore, plaintiff itself alleges that this transaction was
25 agreed upon in November 2005. Complaint ¶ 50. As noted above, plaintiff did not even file
26 *Sunnyside I* until the following month. Plaintiff's allegations simply do not allow a conclusion that
27 the 2005 transaction was "expressly aimed" at California.
28

4

1    Plaintiff cites several cases in which courts found jurisdiction over defendants alleged to
2 have made fraudulent conveyances outside of the forum state. But plaintiff mischaracterizes the
3 holdings of these cases. In Air Products & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544 (6th
4 Cir. 2007), the court, in finding purposeful availment, placed heavy emphasis on the fact that
5 plaintiff and defendants had a nine-year long business relationship during which defendants
6 purchased hundreds of thousands of dollars of products from plaintiff, and that defendants had
7 contacted plaintiff in the forum on several hundred occasions. Id. at 551. Plaintiff has alleged
8 nothing like this level of contact between CDT Oxford and any California entities. Moreover, the
9 Air Products plaintiff alleged that "Defendants knew that it [sic] owed a judgment debt to Air
10 Products *at the time* it engaged in the allegedly fraudulent transfer . . . ." Id. at 553 (emphasis in
11 original). As noted, plaintiff itself alleges that the 2005 transaction (as well as the 2002 and 2004
12 transactions) were planned before plaintiff even filed *Sunnyside I*. The case of State Farm Mutual
13 Automobile Co. v. Tz'doko V'Chesed of Klausenberg, 543 F. Supp. 2d 424, 430-431 (E.D. Pa.
14 2008), provides only cursory discussion of the effects test. It certainly does not propose a blanket
15 rule that harm caused by an out-of-state fraudulent conveyance satisfies the effects test in every
16 circumstance. In In re Teknek, LLC, 354 B.R. 181 (Bkrtcy. N.D. Ill. 2006), the plaintiff alleged that
17 defendants withdrew money from a limited liability company during the pendency of litigation
18 against the company, forcing it to file for bankruptcy and rendering it unable to pay the judgment
19 against it. Even if any of these cases controlled this court's decision (and they do not), their facts are
20 readily distinguishable from the instant case.
21    In summary, plaintiff has failed to make out a prima facie case of purposeful availment by
22 CDT Oxford of the California forum. It is, therefore, unnecessary to address the reasonableness
23 prong of the test for specific personal jurisdiction.[1] This court does not have personal jurisdiction
24 over plaintiff's remaining claim against CDT Oxford.

5

CONCLUSION

For the foregoing reasons, CDT Oxford Ltd.'s motion for dismissal is GRANTED.

IT IS SO ORDERED.

Dated: September 26, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1. Plaintiff argues that CDT Oxford "continues to interject itself" into California, through the licensing of intellectual property (IP) in the state. However, plaintiff argues only that this alleged activity makes the exercise of personal jurisdiction reasonable, not that the activity provides independent grounds for finding purposeful availment by CDT Oxford through its agent, CDT Limited. This is just as well, because such an argument would fail. CDT Oxford admits that CDT Limited has acted as its agent. See Reply at 5. However, plaintiff has failed to make out a prima facie case that CDT Limited ever licensed *CDT Oxford* IP in California. Plaintiff alleges, for the most part, merely that CDT Limited licenses "IP" (not specifically CDT Oxford IP) to companies in California. See Complaint ¶¶ 16 & 17. The only company to which it is alleged that CDT Limited licensed CDT Oxford IP is Litrex, and this conclusory allegation is contradicted by the face of the Share Purchase Agreement, upon which plaintiff relies. See Docket Entry 44 (Def.'s Supplemental Request for Judicial Notice), Exh. A § 11.37; see also Complaint ¶ 17.